STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@gibsonlowry.com
JODI DONETTA LOWRY, ESQ.
Nevada Bar No. 7798
jlowry@gibsonlowry.com

GIBSON LOWRY LLP
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
Telephone 702.541.7888
Facsimile 702.541.7899

*Attorneys for Plaintiff Lindbergh and Shine LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LINDBERGH AND SHINE LLC, a Delaware limited liability company,<br><br>                 Plaintiff,<br><br>         v.<br><br>PWT GROUP A/S, a Denmark entity; OLE KOCH, an individual; and ASOS.COM LIMITED, a United Kingdom entity,<br><br>                 Defendants. | Case No.: 2:17-cv-3082-APG-PAL<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION (ECF No. 5)** |

Plaintiff Lindbergh and Shine LLC ("Plaintiff"), by and through its counsel of record, Gibson Lowry LLP, herein responds to this Court's order to show cause why this case should not be dismissed for lack of subject matter jurisdiction (the "OSC"; ECF No. 5).

This response is based on the Memorandum of Points and Authorities incorporated herein, on the pleadings and papers already of record in this matter, on oral argument of counsel to be adduced at this Court's hearing, if any, and on any other matter of which this Court wishes to take notice.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Complete diversity exists between the parties and this Court's subject-matter jurisdiction has been appropriately invoked.  On Plaintiff's side, the sole member of the Plaintiff Nevada limited-liability company is an individual who is domiciled in the United States.  On the Defendants' side, all parties are subjects of foreign countries. PWT Group A/S ("PWT Group"), a Danish *aktieselskab,* and ASOS.com Limited ("ASOS"), a British limited company, are not known by Plaintiff to have any members or other ownership structure that can cognizably be characterized as a citizen of the United States—to the extent those international types of entities are subject to an analysis comparable to that in *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894 (2006) ("*Columbia Properties*"), which Plaintiff disputes given the lack of identifiability with respect to United States entity forms.  While Plaintiff believes that Plaintiff's Complaint adequately sets forth the basis for this Court's subject matter jurisdiction, and that the cases cited by this Court do not require more in Plaintiff's initial pleading, Plaintiff respectfully suggests that Plaintiff has offered herein sufficient facts to allow this Court to find subject-matter jurisdiction, and, in the event this Court believes the Complaint must set forth those facts more comprehensively, Plaintiff requests leave to amend to do so.

## II. ARGUMENT

### A. *The Single Member Of The Plaintiff LLC Is A Citizen Of Florida.*

On Plaintiff's side, the single member of the Plaintiff limited-liability company is Mr. Marco Revah, an individual domiciled in the United States—specifically, Florida.  Plaintiff has disclosed Mr. Revah's identity, although, admittedly, not Mr. Revah's state of domicile, in Plaintiff's certificate of interested parties.  With due deference to this Court, Plaintiff does not believe this Court will require Plaintiff to file an amended Complaint solely to assert this fact, but, if this Court so directs, Plaintiff will do so.  Among the reasons Plaintiff did not believe such an allegation was necessary in the Complaint is that, on information and belief, none of the

defendants are, or (with respect to the entity defendants) have members who are, residents of the United States. As such, complete diversity exists irrespective of Mr. Revah's state of residence.

### B. *The Identification and Status of the Defendant Entities Is Sufficient For This Court To Ascertain Subject-Matter Jurisdiction.*

#### 1. Plaintiff Has Painstakingly Identified The Defendant Entities And Their Forms.

With regard to the defendant entities, the Complaint—with all due respect to the Court—does identify those entities' types in those entities' countries of organization and operation. Paragraph 3 identifies PWT Group as a Danish *aktieselskab,* which, according to a variety of online references consulted by Plaintiff in the course of preparing the Complaint, is most nearly translated as "public limited company" or "joint stock company." Paragraph 5 identifies ASOS as a "limited company" under English law. In both instances, these entity forms are creations of their own nations' governments that may in some respects be equatable with entity forms prevalent in the United States, but which cannot be stated, as an unequivocal matter of law, to correspond precisely to United States entity forms with respect to ownership, liability, tax structure and consequences, or any other attributes. Indeed, in Plaintiff's view, any attempt to make such an unequivocal comparison would constitute a legal misrepresentation to this Court. An *aktieselskab* simply does not, on information and belief, appear to correspond precisely to any form of entity recognized in Nevada, nor does an English "limited company."

#### 2. The Defendant *Aktieselskab* And Defendant "Limited Company" Are Not Identifiable As Falling Within The Requirements Of *Columbia Properties.*

As the Defendant entities do not appear to be identifiable as companies falling within the ambit of the Ninth Circuit's discussion in *Columbia Properties, Columbia Properties* does not appear to require further explication of the Defendant entities' ownership structure in the Complaint or elsewhere. An *aktieselskab* is defined by at least one source as a "stock-based corporation" that may be either publicly traded or private, with the shareholders not liable for the

debts of the company.[1]  This description appears to fall more closely to that of a corporation in the U.S. than an unincorporated form of entity.  Under United Kingdom law, a "limited company" appears to share attributes of a U.S. corporation and a limited-liability company.[2]  At a minimum, it was reasonable for Plaintiff to conclude that identifying the constituents of either PWT Group or ASOS was not necessary under *Columbia Properties,* particularly given that, as discussed *infra,* neither of those entities appear to have any constituents that could be viewed as United States citizens.

### 3. On Information And Belief, No United States Citizens Are Defendants Or Hold Ownership Position In Any Of The Entity Defendants.

Based on Plaintiff's research, neither PWT Group nor ASOS are owned by, or comprised of, individuals or entities that can be characterized as United States citizens, and this Court may thus appropriately exercise its diversity jurisdiction.  As stated in paragraphs 25-26, PWT Group apparently constitutes the remaining entity after a merger of three *anpartsselskabs,* or Danish "private limited companies," which were dissolved in the course of that merger; Plaintiff has no information suggesting that any of those now-defunct entities, or any other entity that has any managerial, membership, or ownership role with respect to PWT Group, is anything but a Danish citizen.  Plaintiff likewise has no information to support a conclusion that ASOS is owned, managed, or made up of any entities that could be considered citizens of the United States.  While Plaintiff believes that both PWT Group and ASOS are subject to specific personal jurisdiction in the United States with respect to this lawsuit, diversity jurisdiction based on PWT Group and ASOS' non-United States citizenship is eminently appropriate.

Given all of the above, Plaintiff does not believe the cases cited by this Court in the OSC mandate more from Plaintiff. However, if this Court disagrees and believes that amendment of

---

[1] *See, e.g.,* https://en.wikipedia.org/wiki/Aktieselskab.

[2] *See, e.g.,* https://en.wikipedia.org/wiki/Limited_company.

4

the Complaint is required to assert the above facts supporting subject-matter jurisdiction, Plaintiff respectfully requests leave to file same.

### III.     CONCLUSION

Based on the foregoing, Plaintiff respectfully request that this Court decline to dismiss this case. If this Court believes an amendment to the Complaint is necessary for clearer demonstration of subject matter jurisdiction, Plaintiff respectfully requests that this Court grant leave to file an amended Complaint to do so.

Respectfully submitted this fifth day of January, 2018.

GIBSON LOWRY LLP

By /s/ J.D. Lowry.
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@gibsonlowry.com
JODI DONETTA LOWRY, ESQ.
Nevada Bar No. 7798
jlowry@gibsonlowry.com
7495 West Azure Drive, Suite 233
Las Vegas, Nevada 89130
(702) 541-7888 Telephone
(702) 541-7899 Facsimile
*Attorneys for Plaintiff*

5